UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONALD M. HEAVRIN     APPELLANT

v.     CIVIL ACTION NO. 3:13CV-6-S
BANKR. ACTION NO. 12-33799

J. BAXTER SCHILLING,
Bankruptcy Trustee for Triple S Restaurants, Inc.     APPELLEE

## MEMORANDUM OPINION

This matter has come before the court on appeal from an order of the United States Bankruptcy Court granting the expedited motion of J. Baxter Schilling, Trustee for Triple S Restaurants, Inc., to extend the deadline for objecting to the debtor's discharge and for determining dischargeability of debts. (DN 1-1).

The motions relating to this appeal are legion.[1] The court will address only those motions as are necessary to reach the threshold question of whether Appellant Donald M. Heavrin seeks review of a final and appealable order.

The Trustee filed a motion to dismiss on the ground of lack of jurisdiction, urging that the order with which Heavrin takes issue is neither final and appealable nor otherwise interlocutorily appealable under 28 U.S.C. § 158(a):

    The district courts of the United States shall have jurisdiction to hear appeals

    (1) from final judgments, orders and decrees;

---

[1] In addition to the issues raised in the briefs on appeal (DNs 4; 6; 9), also before the court are a motion to dismiss for lack of jurisdiction and failure to comply with Fed.R.Bankr.R. 8010(b)(DN 7); motion to strike appellant's reply brief (DN 10); motion for leave to file addendum to Appellant's brief (DN 11); and a motion to strike response to Appellee's motion to dismiss (DN 14).

> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees...

There is no question that subsection 2 of the statute is inapplicable. Neither party argues to the contrary. Heavrin has responded, however, that (1) the order of the bankruptcy court "resolves a discrete dispute," (2) the order was made "final and appealable" by the bankruptcy court, and (3) the order should be treated by the district court as an interlocutorily appealable order. (DN 12).

The Trustee has moved to strike Heavrin's response on the ground that it was filed beyond the deadline set forth in Bankr. R. 8011(a), unaccompanied by a motion for leave of court to file the response out of time. (DN 14). Heavrin asserts that his response was timely filed inasmuch as he relied upon the computer-generated deadline which appears on the docket sheet for this case.

The court will deny the motion to strike.

The district court is charged with the duty of assessing its jurisdiction and must *sua sponte* dismiss cases in which subject matter jurisdiction is lacking. *See, Nagalingam v. Wilson, Sowards, Bowling & Costanzo,* 8 Fed.Appx. 486, 2001 WL 493392 (6th Cir. May 1, 2001); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Anusbigian v. Trugreen/Chemlawn, Inc.* 72 F.3d 1253, 1254 (6th Cir. 1996). The court would, in this instance, seek input from all parties concerning the question of jurisdiction prior to ruling. The Trustee has not shown that it would suffer any prejudice from the court's consideration of Heavrin's response, and it has replied thereto.

An order is "final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Fleet Data Processing Corp. v. Branch*, 218 B.R. 643, 645 (1st Cir. BAP 1998). By contrast, "[an] interlocutory order "'only decides some intervening matter

pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* at 646, *quoting In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir. 1985). Clearly, an order extending the deadline for determining the dischargeability of debts only decides an intervening matter pertaining to the cause, and thus is not a final order. *See Lure Launchers, LLC v. Spino,* 306 B.R. 718 (1st Cir. BAP 2004)("To the extent that the Order denied the Appellant's request for an extension of time to object to the Debtor's discharge under § 727, it is not a final appealable order because it did not conclusively determine whether a complaint under § 727 may be filed in the bankruptcy case."); *In re LWD, Inc*, 335 Fed.Appx. 523, 2009 WL 1747834 (6th Cir. June 19, 2009)(orders, such as orders substituting counsel, not final).

Heavrin contends that an extension of the deadline to object to a debtor's discharge has been found to be a contested matter subject to notice and hearing, and is thus a discrete an appealable dispute within the bankruptcy action. He cites *In re Coggin*, 30 F.3d 1443 (11th Cir. 1994) in support of this argument. We note, however, that *In re Coggin* does not stand for the proposition that such an order is interlocutorily appealable. *In re Coggin* was decided after trial and a denial of discharge by the bankruptcy court. *Id*. at 1446. Thus the case is of no moment here.

Heavrin urges that because the bankruptcy court's order states that it is "a final and appealable order and there is no just cause for delay," the order is, in fact, final and appealable. However, Heavrin also cites to *In re Cottrell*, 876 F.2d 540 (6th Cir. 1989) in which the court stated:

> The concept of "finality" in the bankruptcy context for purposes of appellate review to both the district court and court of appeals "should be viewed functionally." [citations omitted]. "In this regard, [the courts of appeals] have consistently considered finality in a more pragmatic and less technical way in bankruptcy cases than in other situations." [citation omitted].

*Id*. at 542.  From a functional standpoint, there is nothing final in an order which extends a deadline. Indeed, the extension of a deadline is antithetical to the completion of a proceeding.  To find otherwise would be in disregard of the principle of avoiding piecemeal appeals.

Further, to the extent that Heavrin suggests that the bankruptcy court granted leave to take an interlocutory appeal by designating the order "final and appealable," the bankruptcy court is without authority to do so.

> As to any interlocutory appeal, it is not within the bankruptcy court's jurisdiction to grant such motions. Rather, it is a motion acted upon by the United States District Court for the Western District of Tennessee after filing of a notice of appeal and a motion for leave to appeal under  28 U.S.C. § 158(a).  The notice and motion are filed with the clerk of the bankruptcy court, who then transmits those pleadings to the clerk of the district court. *See* Fed.R.Bankr.P. 8001(b) and 8003.

*In re Julien Co.*, 148 B.R. 384, 385 (Bankr.W.D.Tenn. 1992).; *In re Futter Lumber Corp.*, 473 B.R. 20 (Bankr.E.D.N.Y. 2012).  The decision is within the discretion of the district court.  *In re Cassover*, 343 F.3d 91, 95.  No motion for leave to appeal was filed in this case, however.

Were a motion for leave to appeal filed, this court would deny it.  In deciding whether to grant leave to appeal from an interlocutory order of the bankruptcy court, we must consider "whether (1) such order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Futter Lumber*, 473 B.R. at 27, analogizing to 28 U.S.C. § 1292(b), and quoting *Yerushalmi v. Shiboleth*, 405 B.R. 44. (Bankr. E.D.N.Y. 2009); *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)(It is a basic tenet of federal law to delay appellate review until final judgment has been entered. Section 1292(b)'s legislative history reveals that although that law was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals. *Cooper*

*& Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978). The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation. *See Milbert v. Bison Labs,* 260 F.2d 431, 433-35 (3d Cir. 1958)(discussing legislative history of § 1292(b))).

In this instance, litigation has been ongoing in various related matters involving Heavrin and Triple S Restaurants, Inc. for approximately nineteen years. The bankruptcy judge, possessed of more than a passing familiarity with the issues between these parties, granted a sixty-day extension of the deadline for objecting to the debtor's discharge. Heavrin was afforded notice, but contends that he did not have sufficient time to object and was not afforded a hearing on the motion. There is no controlling question of law here as to which there is a substantial ground for difference of opinion, nor would an immediate appeal of the order materially advance the ultimate termination of the litigation. The order in issue satisfies none of the three requirements which would support immediate appealability.

For the reasons set forth herein, the motion of the Trustee to dismiss the appeal will be granted by separate order.

**IT IS SO ORDERED.**

June 19, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**